Good morning. I'm Mara Goldman on behalf of Mr. Ahn. Ms. Goldman, could you spell your first name for me? M-A-R-A. Manuel Araujo, who was originally going to be arguing this case, went in for what we were hoping would be a very routine procedure to the hospital, and it turned out to be a lot more complicated. Is he going to be okay? He is going to be okay, but he just got discharged, I think, this morning. Please convey our best wishes for him. Counsel, what was – I'm sorry. Could you please repeat your name? Sure. It's Mara, M-A-R-A, and last name is Goldman, G-O-L-D-M-A-N. And even though I don't know how to pronounce our client's last name, apparently, I did help with the brief, and I am familiar with the facts. Okay. So hopefully that will – You may proceed whenever you're ready. Okay. This is a case about a sentencing hearing where the government made two very critical misrepresentations. No one has ever suggested that they were intentional or in bad faith, but the result was that the district court was misled and ended up miscalculating the defendant's criminal history category. And it's also a case that implicates this Court's decision last week in Munoz, Camarena, because at the end of the sentencing hearing, this judge said, even if I made the wrong calculation, I would probably come up with the same sentence, and we now know the answer. Counsel, I should know this, but did we get a 28-day letter from him? We did, fortunately. And we haven't. Good. All right. Well, at least Judge Fletcher has seen it. I will – I promise you I will read it after the – I received it as well. Well, apparently I'm the only one who's not getting mail regularly. Go ahead. Thank you. And so what happened in this case is that Mr. Tone pled open without a plea agreement. The indictment had alleged a conspiracy lasting through March of 2007. However, at the plea, Mr. Tone admitted only to participating in a conspiracy through February 2006, and the government at the plea hearing stipulated that the conspiracy was only through 2006. But as I understand it, the question really here is what made the district court properly consider under the relevant conduct, under the guidelines. And so the fact that for purposes of the plea, your client stipulated to a shorter period of the conspiracy does not buy into the district court when it comes to fashioning an appropriate sentence, does it? Well, I think that ordinarily that is true. I think conspiracy is a little bit different, because if you're looking at relevant conduct, then it's almost trying to make an analogy to a conspiracy. It's talking about conduct that is part of the same course of conduct, the same scheme or plan. That's kind of what a conspiracy is. And here we have a case where the government has stipulated, has said, this scheme ended, this course of conduct ended. And so I'm not really sure how. Well, I guess the problem I'm having with the argument is that the record shows that your client was a polysubstance drug distributor. And the district court was apprised through the PSR and the sentencing process that he had subsequent to his arrest offered to introduce a prospective purchaser to his source of supply in order to help facilitate yet another drug transaction. And I appreciate the fact that if we accept your argument, that occurred after the time that the party stipulated to. But what's improper about the sentencing court looking at the fact that a person is continuing to do the kind of thing that got him in trouble for which he's going to be sentenced today, and he's still doing it? Well, I think a couple of things would be. One is, in this particular case, I don't think that the district court made the necessary factual findings. I know that the government's brief says the district court made factual findings, but I believe that if you look at the record, nowhere does the court make any findings by a preponderance. Nowhere does the court say, this is what I am relying on to make a finding. And because here the district court had adopted the pre-sentence investigation report without objection, am I wrong? Well, the district court does refer to the pre-sentence report and says, you know, I think there is some evidence. But I think given that throughout the entire sentencing hearing, no one is discussing relevant conduct, no one is making any argument about relevant conduct as a basis, the government's entire... Counsel, you're surely not suggesting in this day and age that competent defense counsel don't understand the significance of relevant conduct when it comes to fashioning sentences. Oh, no. I'm sorry. I didn't think that's what you were thinking. Everyone is tremendously competent. Right. So the fact that the parties didn't say anything about it, I'm not sure helps us, other than it's a waiver, maybe, of the objection that you're now urging. Well, I think, though, that counsel is objecting throughout. Counsel is challenging all of the conclusions of probation. Counsel is challenging the relevant portions of what the PSR says, because we are talking about a conspiracy here. But here's the problem I'm having. I think I've got this right. If you look at page 8, paragraph 35, 34, I guess, 34, 35, where the author says that on December, I'm looking at 35, on December 10 of 2006, the undercover obtained information from a third party that the defendant was still in the business of selling various controlled substances. And during this dinner on December 14, the defendant confirmed that he still sold drugs. You know, without objection, if the district court says in any fashion at the sentencing hearing, I'm essentially relying on the presentence report, and nobody says I object to the inclusion of that paragraph, why is it improper for the district court to consider it? I don't think it's improper to consider it, but I think that because at the sentencing hearing and in the sentencing memorandum, defense counsel challenged the import of that statement, said yes, my client made that statement, but he made that statement to put them off. He made that statement with no intention to sell drugs. It was untrue. But it's aiding and abetting a drug sale, counsel, as a matter of law. He's introducing a prospective purchaser to a source of narcotics. Well, I'm not sure, though, that that can really be part of it if, again, if the idea for relevant conduct is that it's supposed to be part of the offense, and if we go to the relevant conduct guideline itself, it talks about things that were part of the same course of conduct, the same scheme or plan. And I would just go back to the argument again that the government here and the defendant here, the parties have specifically agreed that that scheme or plan has ended. Well, I guess I'm having a hard time understanding the argument. If in a multi-count indictment, if a defendant pleads to count one and does not plead to counts two through six, the district court can still consider, as relevant conduct, counts two through six, even though he didn't plead to it. Sure. And the problem I'm having with your argument here is I'm now looking at page nine of the pre-sentence report. We've got conduct now spilling over into March of 2007, where your client is telling the undercover that he's now partnering up with another drug dealer and will soon be distributing crystal methamphetamine, and then they make arrangements to buy a pound for $10,000. That is classic relevant conduct. Well, I think that the fact that he didn't plead to it doesn't mean the district court can't consider it in deciding whether or not he's truly repented. Well, I think that if it were only about a plea, if it were just unilateral on the part of the defendant, then that would certainly be right. But I think that here there's more because the government has affirmatively taken a position. The government has said at the plea that we have shortened the end date. We agree that this is the end of the conspiracy. We agree this is the end of the conduct. And that's not the same thing, counsel. The fact that you're agreeing to take a plea to a shorter period of time in the conspiracy is not tantamount to saying, and we agree that the allegations of paragraphs 33 through 40 or 39 of the pre-sentence report never happened and should not be considered by the district court in fashioning a sentence. There's no such stipulation in the record here. And there's no contemporaneous objection by the defense lawyer to the statements that are made in the PSR attribution. Well, again, I do think that our position would be that it is an objection because the nature of the theory for the inclusion is that it's part of a conspiracy, that that is the scheme, that is the conduct. And since you want to save some time. I would love to. Thank you. May it please the Court. Good morning. My name is Lori Gray. I represent the United States. An appeal defendant challenges the computation of his criminal history category. But that claim is without merit because, as the Court has pointed out, the defendant pled guilty but had no 11E1C agreement or no agreement that limited relevant conduct. The PSR carefully and painstakingly laid out conduct that occurred after the date of February 2, 2006, that the parties had agreed was the end of the conspiracy at the time of the change of plea. But the defendant does not even challenge those facts. Indeed, what he challenges is he puts his own spin on them, but does not challenge the facts as being untrue, and so the Court properly considered them under relevant conduct. And in answer, Judge Coleman, to your question of the record, the record 26, where the district court specifically says, I do think the probation office, for the reasons it stated, did correctly determine the guidelines. There is evidence of the later involvement. And indeed, that is detailed in the PSR. And under Riley, district court is allowed to rely by a preponderance of proof that that is correct where those facts are unchallenged, as they were here. So there was no procedural error. I do want to address briefly the government's 28J letter that I sent in with regard to the harmlessness argument. I don't think that the 28J letter, I just want to get a note. My name does not have a G in it. I apologize. I will note that for future reference. Thank you. With regard to that letter, I don't think that this Court will need to get to the harmlessness argument. But as you know from the brief, we did note that in this particular case, the district court noted that even if it gave the defendant, agreed to the defendant's argument, it would have imposed the same 48-month sentence. And the 28J letter that we sent in cited this Court's decision last week in Muniz-Camarena, which I know, Judge Fletcher, you were part of that decision. We do not concede the harmless error issue in this case, should the Court find there was procedural error and need to go there. And the reason we don't is for two reasons. First of all, looking at Muniz, I believe the facts of that are distinguishable, because in this case, on these facts, at excerpt of Rectum 25 and 26, the district court said the guidelines obviously are one of the factors to be considered, but the overall question is, what is a reasonable sentence? The guidelines are just one of several factors. And then the Court here did a very painstaking, careful analysis where it carefully balanced mitigating factors against the aggravating factors. And in doing that, justified its sentence under a section 3550a analysis. It doesn't appear in Muniz that that careful analysis and digging down deeper under 3550a was done. Secondarily, other panels of this Court reviewing that same issue have not read Kimbrough to preclude harmless error arguments as Muniz has done. And, indeed, they cited in our brief at page 29 for our harmless error argument that's Hernandez-Orellano's from June 2008. So it's post-Kimbrough and post-Bennyweather, and that's authored by Judge Tolman. And that allows the harmless error argument where the district court plainly states that it would have imposed the same sentence regardless. And so because of that ---- Counsel. Yes. What do you do with our decision in United States v. Coronado, which expressly says that even though the district court said that it would have imposed the departure, in any event, that remand is required because miscalculation of the guideline range is procedural error, requiring reverse. Are you familiar with that case? United States v. Coronado? I am not. I am familiar with United States v. Calderon-Espinosa, which is from 2009, and states just the opposite, which is a material error in the district court's calculation of the appropriate guideline range requires remand unless the error was harmless, and that, in this case, because of the 3553A factors. I think, Judge Wallington, my point is that if this panel needs to address the harmless error argument, I would respectfully request that because of an intra-circuit conflict between Munoz and Hernandez-Oriano, that you reserve ruling on that issue in this case until judgment in Munoz is final, and that's the one point I wanted to make on the harmless error. But here you claim that there hasn't been any error. Isn't that correct? That's correct. I make the argument that we agree with you. I doubt that we would go there. And I would be happy to have you agree with me on the first issue, Your Honor. But, you know, we have this case, and I'm not sure whether it's final yet or not, Rissom, where the court says you must keep the guideline sentence in your head all the time, all through the analysis of the sentence. So I don't know where we're going with that. I think my recollection was that the panel is considering amendments to Rissom, but we have no idea what it is they're amending. So we're all waiting, as you are, to see what they do. To be continued. Yes, exactly. And that leads to the last issue, which is the reasonableness of the sentence. And, Your Honors, based on this record, we would submit that the sentence was reasonable because of the careful balancing. Not only did the courts, 48 months in post-sentence, not only was that below the category 3 criminal history category that the defendant wanted and the court didn't adopt, it was below category 2, and it was at the bottom end of a category 1 criminal history sentence. So unless there are any further questions from the Court, I would submit this matter. Okay. I think your Ms. Goldman has about a minute left. Thank you. Less than a minute, but I'll give you a minute. Go ahead. I'll just say two final things. One is that I think as far, to the extent that the Court did rely on the PSR or the probation officer's findings, I think that since such a large part of the sentencing hearing was the Court's erroneous belief that Mr. Tone had pled to the longer conspiracy and had admitted to participating in a longer conspiracy, we don't really know how much weight that had. And perhaps if the Court had been properly informed, the Court would have been more concerned. But either way, it would be considered, doesn't it? How would it be different? Well, I think it would be different because if the Court had understood that Mr. Tone had not admitted, yes, I was involved in a drug conspiracy during the time that the PSR is referring to. Now we're back to my concern about the fact that there was no contemporaneous objection. And the district court clearly indicated on the record, as counsel, Ms. Gray. Well, I think there is an objection where he says that this is incorrect. He didn't plead to that. But my second last thing is just that. Go ahead.  Well, what's your response to the last point that Ms. Gray made about the fact that even under category two, which he was arguing for, he still got a phenomenal break? Well, yes, he did. On the other hand, I think that at the sentencing hearing, one of the most important themes was how he had turned his life around because of the birth of his son, and the difference we're talking about is a year in prison, and I think that given the judge and his compassionate nature, he might be notwithstanding his statement that I'd give him the same. He didn't say I was absolutely positive. Maybe he wasn't feeling as compassionate. Well, he was feeling a lot of compassion, I wish, but he might feel even more. Okay. Thank you very much, counsel. The case just argued is submitted.
judges: Fletcher B. , Tallman, Rawlinson